

UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In the Matter of the Application of

HUGH WYATT,
        Plaintiff,

vs.

INNER CITY BROADCASTING CORPORATION,
INNER CITY MEDIA CORPORATION, and
ICBC BROADCAST HOLDINGS INC.,
        Defendants.

------------------------------------------------------------X

11 Civ 04954 (PKC)

      Plaintiff, pro se, as and for his amended complaint against the defendants alleges as follows:

1. At all relevant times, Plaintiff Hugh Wyatt ("Wyatt") was and is a resident of the County and State of New York and the record holder of an unknown amount of stock in Inner City Broadcasting Corporation.

2. Defendant Inner City Broadcasting Corporation ("Inner City" or the "Company") is, upon information and belief, a New York Corporation, with its principal offices located at Three Park Avenue, New York, New York.

3. Defendant Inner City Media Corporation ("Inner City Media") is a company incorporated under the laws of the State of Delaware, is authorized by the New York Secretary of State to conduct business in the County and State of New York, and maintains its principal place of business in the County and State of New York.

4. Defendant I.C.B.C. Broadcast Holdings, Inc. ("Holdings") is a company incorporated under the laws of the State of Delaware, is authorized to conduct business in the

County and State of New York, and maintains its principal place of business in the County and State of New York.

5. Inner City was organized in 1971 and owns or has been involved in the ownership of, in whole or in part, but not limited to, various AM and FM radio stations, as well as the famed Apollo Theater.

6. ICBC was granted a license and status with the Federal Communications Commission (FCC) as a minority-owned corporation. This predominantly minority-owned company, which was founded following the civil rights movement of the 1960's, has failed to live up to the guidelines set forth by FCC law. Mr. Wyatt is a Black Cherokee-Creek Indian, indicative of the minorities that joined together to found ICBC.

7. Plaintiff is a founding member and former board member of Inner City, a shareholder since its inception, and never sold or transferred his shares. Wyatt was denied requested access to corporate records on numerous occasions and does not know what his current percentage interest is in the Company. At the Company's inception Wyatt owned a 3% interest in Inner City, but due to various transfers of stock by other shareholders, he anticipates owning a larger percentage of the Company.

8. On information and belief, the Defendants operated their enterprise, comprising at times of as many as 19 AM and FM radio stations throughout the country, in large part for the purpose of enriching the family of Percy E. Sutton through transactions some of which violated state and federal criminal laws, including 18 USC Section 1341 (mail fraud), 18 USC Section 1344 (bank fraud) and 18 USC Section 2314 (interstate transportation of stolen property). In doing so, the Defendants violated the

RICO Act, 18 USC Section 1962(c), and this court has jurisdiction over the subject matter by virtue of 18 USC Section 1964.

9. In 2009, the banking industry was on the verge of collapse. The federal government stepped in to bail out banks by giving them federal loan money in an attempt to maintain liquidity and avoid bankruptcy, and subsequently keep money available to citizens of the United States. Goldman Sachs and GE Capital were two of the aforementioned banks who received federal money. Oddly enough, shortly after receiving federal money the banks were somehow able to grant loans to a troubled minority company without relaying the terms of the agreement to shareholders or informing them of the transaction at all. It was from public reports that news of these loans surfaced. Mr. Wyatt made repeated attempts, including sending letters to the US Secretary of the Treasury Timothy Geithner, but information was never provided beyond what was reported via media outlets.

10. On information and belief, in the course of business Inner City and its subsidiaries have incurred approximately $230 million of indebtedness which is now outstanding and is proposed to be purchased by Earvin "Magic" Johnson Enterprises and Ron Burkle's Yucaipa Companies pursuant to an agreement to which Inner City or one or more of its subsidiaries is a party (the "Purchase"). The terms of the debt buyout will allegedly amount to associated debt being bought for 25 cents on the dollar.

11. Since Goldman Sachs and General Electric took control of the $230 million of indebtedness of the Defendants, they have exercised control of ICBC and have, in effect, owned the entire equity interest of ICBC in violation of the licensing requirements of the FCC. The reported transfer of ownership to Fortress Investments,

Yucaipa Companies, and Magic Johnson Enterprises, which was made public over the weekend, will continue the masquerade. Magic Johnson is being used as a figurehead. His investment will be shown to be minuscule in comparison with that of Fortress. The fraudulent conduct involved in the proposed transfer of debt and equity to Fortress is in violation of section 17 of the Securities Act of 1933 and rule 10(b)5 of the SEC under the Securities Exchange Act of 1934.

12. ICBC has not held stockholder meetings or issued financial documents for the past five years.

13. In a state lawsuit brought by Mr. Wyatt, Judge Ira Gammerman ordered ICBC to release documents, to which ICBC failed to comply. To this day, ICBC has refused to comply with this New York State Supreme Court order.

14. Inner City has refused to provide Plaintiff with any information regarding the Purchase, including the consideration to be furnished or received by Inner City or its controlling shareholders or whether the approval of the Purchase by disinterested directors and shareholders will be sought.

WHEREFORE, Plaintiff demands the Court issue a preliminary injunction against the defendants enjoining them from taking any action to aid or facilitate the consummation of the Purchase without full disclosure of the proposed transaction to shareholders and approval by a disinterested committee of the Board of Directors. Furthermore, Plaintiff requests that a court-ordered federally supervised receivership be created to clean up the already messy situation and present other disgruntled stockholders with the rights granted to them as ICBC shareholders. Plaintiff further demands treble damages for injury

suffered from Defendants' conduct as well as any attorney's fees incurred in the future conduct of this case.

August 2, 2011

Respectfully submitted,

_____
Hugh Wyatt
279 East 44th Street
Apartment 15 C
New York, NY 10017
(H) 212-557-0193
(C) 917-499-4040